Jones, Chief Judge,
dissenting:
I am unable to agree with the conclusion reached by the majority.
When the pleadings and attached exhibits are considered, the record wholly fails to justify the extreme penalty that was assessed against the plaintiff.
Concededly, plaintiff was not free from blame and should have been subjected to some sort of disciplinary measure but the record does not justify sustaining the charge of desertion and the forfeiture of all pay and privileges against a gallant sailor who had an unusually fine war record. He had been given numerous medals and citations for outstanding combat duty during World War II. These included, inter alia, a presidential unit citation, sub combat pin — 7 stars, Navy unit citation, and a bronze star medal conferred by the *7 President of the United’ States for courage and steadfast devotion in the fulfillment of several perilous missions.
Plaintiff, while in the employment of the Military Sea Transportation Service, Department of Navy, as first assistant engineer on the USNS Short Splice, was twice assaulted by one of the subordinates serving under him; the second time, while a third member of the crew was holding his arms. This latter assault caused rather serious injuries.
The first assault occurred while both parties were on leave; the second at about 1:00 a.m. while on the ship. At about 2: 00 a.m. the same night plaintiff packed a bag and left the ship, staying at the Eagle’s Nest Hotel. Plaintiff called the chief engineer at 2: 30 a.m. to advise him that the Master wanted the ballast tanks filled the following morning. The morning following the incident, January 20, 1956, plaintiff went to the Bermuda Medical Center where he was referred to the Bermuda Hospital for treatment of his injuries.
By this time the ship had sailed. Plaintiff had left most of his clothing on board and his engineer’s license was still in its place on the ship. Plaintiff caught a plane the same day for New York, the ship’s home port, and immediately reported to the Military Sea Transportation Service, the agency which had employed him. He asked the privilege of rejoining the ship at Norfolk and was told that he would not be permitted to do so. Plaintiff was dismissed from the service on the ground of desertion, thus making a permanent black mark against his record.
I do not think the undisputed facts justify a verdict of desertion. In a recent decision by the Supreme Court, Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 487 (1951), there is a holding to the effect that the fact that there is evidence, considered of and by itself, to support the administrative decision is not sufficient where there is opposing evidence so substantial in character as to detract from its weight and render it less than substantial on the record as a whole.
When this entire record is considered I do not believe, in the light of this interpretation, there is substantial evidence to justify the conclusion that was reached by the officials.
*8 The charge of desertion is a very serious one. I am unable to escape the conclusion that the action was taken on sudden impulse with severe provocation. The fact that plaintiff left most of his clothing aboard ship and left his engineer’s license in place on the ship does not comport with the idea of desertion.
It is true that plaintiff should not have left the ship. It is also true that a subordinate should not assault someone under whom he is serving. The latter action in the matter of discipline is more important than leaving the ship for just one night.
In order to remove the cloud from the name and reputation of a sailor with a magnificent war record, who had been covered with medals and citations, I would hold that there is not substantial evidence to sustain the finding of desertion and the forfeiture of all pay and allowances.
In order to balance the record and remove a manifest injustice, I would grant the plaintiff a restoration of his pay for a six months’ period. This would have the effect of removing a blemish that in my judgment has unjustifiably been placed against a veteran with an outstanding war record.